O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL INC.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>LIFE N STYLE FASHIONS, INC.; SECOND SKIN LLC; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:15-cv-05733-ODW (Ex)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [22]** |

## I.　　INTRODUCTION

On July 29, 2015, Plaintiff United Fabrics International Inc. filed a complaint against Defendants Life N Style Fashions, Inc. and Second Skin LLC (collectively "Defendants"), alleging a violation of the Copyright Act of 1976. (ECF No. 1.)  The clerk entered a default as to Defendant Second Skin LLC on September 14, 2015. (ECF No. 14.)  On October 15, 2015, Plaintiff filed the present motion for default judgment against Defendant Second Skin LLC, seeking statutory damages and attorney's fees.  (ECF No. 22.)  For the reasons discussed below, the Court **DENIES** without prejudice Plaintiff's Motion for Default Judgment.

## II.   FACTUAL BACKGROUND

Plaintiff, a Los Angeles based textile company, owns the textile design entitled "MANDALA" ("Subject Design"), which was registered with the United States Copyright Office in January 28, 2009. (Compl. ¶ 6.) Furthermore, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries. (*Id.* ¶ 11.) Plaintiff alleges that Defendants—without Plaintiff's authorization—manufactured, distributed, and sold fabric and garments bearing a design identical or substantially similar to the Subject Design. (*Id.* ¶ 12.)

Plaintiff filed their Complaint against Defendants on July 29, 2015. (ECF No. 1.) The Defendants were served with the Complaint on August 12, 2015. (ECF No. 10.) Defendant Life N Style Fashion Inc. subsequently answered the Complaint. (ECF No. 17.) However, Defendant Second Skin LLC failed to appear. The Clerk entered a default as to Second Skin on September 14, 2015. (ECF No. 14.) On October 15, 2015, Plaintiff filed a Motion for Default Judgment against Second Skin. (ECF No. 22.) That Motion is currently before the Court for review.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter a default judgment following an entry of default by the clerk against a defendant that fails to respond to a complaint. A district court has discretion as to whether to enter default judgment. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors, including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to

excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

In *Frow v. De La Vega,* 82 U.S. 552 (1872), the Supreme Court held that under certain circumstances, the court should not enter a default against one or more defendants which is, or likely to be, inconsistent with a judgment on the merits as to the remaining answering defendants. The Ninth Circuit has held that *Frow* is not limited to claims asserting joint liability, but extends to certain circumstances in which the defendants have closely related defenses or are otherwise similar situated. *See In re First T.D. & Investment, Inc.,* 253 F.3d 520, 532 (9th Cir. 2001). Therefore, *Frow*'s applicability turns not on labels such as "joint liability" or "joint and several liability," but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform. *Shanghai Automation Instrument Co. v. Kuei*, No. C00-4822 PJH (EMC), 2001 WL 34057903, at *12 (N.D. Cal. Nov. 21, 2001). *Frow* was clearly mandated by the Court's desire to avoid inconsistent adjudications as to liability. *In re Uranium Antitrust Litig.,* 617 F.2d 1248, 1257 (7th Cir. 1980). Therefore, it would be an abuse of discretion by the district court to enter default judgments that may create inconsistent judgments among multiple defendants. *T.D.,* 253 F.3d at 532.

In the instant case, *Frow* controls. Plaintiff alleges claims for direct copyright infringement, vicarious infringement, and contributory infringement against both Defendants arising from the infringement of the same Subject Design. Thus, each claim against each defendant requires Plaintiff to prove that it owns a valid copyright in the Subject Design. *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012); *see A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1022 (9th Cir. 2001) (no vicarious or contributory infringement without proof that another directly infringed Plaintiff's copyright). Defendant Life N Styles here disputes that Plaintiff owns a valid copyright in the Subject Design. (Ans. ¶¶ 10, 21, 22.) If

Defendant Life N Styles proves that the copyright is invalid, it would be entitled to judgment on Plaintiff's claims against it, and that judgment would be inconsistent with a default judgment in Plaintiff's favor against Second Skin LLC.

## VI. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Default Judgment without prejudice to refiling the Motion once the action is concluded as to all other parties. (ECF No. 22.)

**IT IS SO ORDERED.**

November 23, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**