Alan M. Klein, State Bar No. 92785
LAW OFFICE OF ALAN M. KLEIN CORP.
16311 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 986-3141
Facsimile: (818) 986-8141

Attorney for Defendant
Life and Style Fashions, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>LIFE N STYLE FASHIONS, INC., a New York corporation; SECOND SKIN LLC; and DOES 1 - 10,<br><br>  Defendants. | CASE NO.  2:15-CV-05733-ODW-E<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR LIFE N STYLE FASHIONS, INC.<br><br>Date: August 29, 2016<br>Time: 1:30 p.m.<br>Place: Courtroom 11 |

TO ALL PARTIES AND THEIR ATTORNEY SOF RECORD:

The following Memorandum of Points and Authorities is submitted in support of the Motion of Alan M. Klein to withdraw as attorney of record for Defendant Life N Style Fashions, Inc. ("Life and Style") in this action.

### MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Alan M. Klein, counsel of record for Defendant Life N Style Fashions, Inc. ("Life and Style"), hereby moves the Court for an order allowing him to withdraw as counsel for Defendant.

/ / /

---

## I. FACTS

Miskin & Tsui-Yip is a New York law firm specializing in intellectual property and serves as intellectual property counsel for Life and Style since as early as 2011. (Tsui-Yip Decl. ¶2). After this action was commenced and Life and Style was served with process in or around September 2015 (Complaint, Dkt. No. 1), Life and Style engaged Alan M. Klein to serve as trial counsel for Life and Style. (Tsui-Yip Decl.¶3; Klein Decl. ¶2).

Alan M. Klein had no direct contact with Life and Style as all communications with Life and Style have gone through Miskin & Tsui-Yip (Tsui-Yip Decl. ¶5; Klein Decl. ¶4). Alan M. Klein bills Life and Style through Miskin & Tsui-Yip for the work he performs for Life and Style in this action. (Tsui-Yip Decl. ¶4; Klein Decl. ¶3).

Since this action was commenced in September of 2015, Miskin & Tsui-Yip has devoted at least eleven (11) hours to representing Life and Style in this matter, but Life and Style has not paid for any of the work performed and fees accrued. (Tsui-Yip Decl. ¶6). In fact, Life and Style has been delinquent in paying Miskin &Tsui-Yip for over ten months for invoices incurred for other Intellectual Property matters, despite numerous bills and letters. (Tsui-Yip Decl. ¶6). This has made it difficult for Miskin & Tsui-Yip to pay Alan M. Klein. (Tsui-Yip Decl. ¶7). Further, Life and Style has been uncooperative in the face of numerous requests for information and instructions necessary to Miskin & Tsui-Yip's and Alan M. Klein's representation herein. (Tsui-Yip Decl. ¶10). Miskin & Tsui-Yip has contacted Life and Style's President and Vice President multiple times regarding Life and Style's failure to pay for services and its failure to provide necessary information, but has not received a good faith response. (Tsui-Yip Decl. ¶¶8, 10, 11).

Due to the complete breakdown of the attorney-client relatioinship stemming from Life and Style's on-going failure to pay and to provide information and instructions necessary to the representation, Miskin & Tsui-Yip has concluded that it can no longer effectively represent Life and Style. (Tsui-Yip Decl. ¶8-11). Since Alan M Klein has no direct contact with Life and Style, he is similarly unable to effectively represent Life and Style in this matter. On or about March 18, 2016, Miskin & Tsui-Yip mailed and e-mailed

a final letter to the President and Vice President of Life and Style, which explained that Miskin & Tsui-Yip would not represent it and Alan M. Klein would be seeking to withdraw as counsel based on the breakdown of the attorney-client relationship, including Life and Style's failure to pay and failure to respond to the requests for information and instructions. (Tsui-Yip Decl. ¶11). The letter also advised Life and Style that as an organization, it would not be permitted to proceed in this action pro se and must retain new counsel. (Tsui-Yip Decl. ¶11).

## II. DISCUSSION

### A. Non-Payment of Fees and Failure to Cooperate are Ground for Withdrawal

In the Central District of California, an attorney may not withdraw as counsel except with leave of court following notice to the client and a motion for leave to withdraw supported by good cause. Local Rule 83-2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." Local Rule 83-2.3.5.

Thus, a motion for leave to withdraw as counsel must disclose adequate grounds excusing counsel from further representation in the particular case. Federal courts generally look to applicable state rules of professional conduct to determine if such good cause exists. See, Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008).

Under the California Rules of Professional Conduct, there are six circumstances where an attorney may withdraw based on the client's conduct. See California Rules of Professional Conduct, Rule 3-700(C)(1) (2016). Thus, counsel may withdraw if the client "makes it unreasonably difficult" for counsel to carry out the representation. *Id*. Rule 3-700(C)(1)(d). While Local Rule 83-2.3.2 notes that failure to pay is "not necessarily sufficient to establish good cause," it is a permissive ground to withdraw under California's Rules of Professional Conduct. See California Rule of Professional Conduct, Rule 3-700 (C)(1)(f) (permitting withdrawal if a client "breaches an agreement or obligation to the member as to expenses or fees").

/ / /

State and federal courts in California have routinely held that a client's failure to cooperate and communicate with counsel regarding the representation unreasonably difficult.  E.g., Lee v. Caffebene Inc., 2015 U.S. Dist. LEXIS 167682 (C.D. Cal. Dec. 14, 2015); Life Bliss Found v. Sun TV Network Ltd., 2014 U.S. Dist. LEXIS 30050 (C.D. Cal. Mar. 7, 2014); Rus, Miliband & Smith v. Condle & Olesten, 113 Cal. App. 4th 656, 667-68 (Cal. App. 2003) modified, 2003 Cal. App. LEXIS 1888, Review denied, 2004 Cal. LEXIS 1778; In re Falco, 188 Cal. App. 3d 1004, 1011 (Cal. App. 1987).  This is especially true where the failure to communicate is coupled with a failure to pay.  See Okechukwu Obioma Ukaegbe v. Selected Portfolio Servicing, Inc., 2016 U.S Dist. LEXIS 29590 (C.D. Cal. Mar. 7, 2016); Caffebene, 2015 U.S. Dist. LEXIS 167682; Hartford Fire Ins. Co. v. NBC Gen. Constrs. Corp., 2014 U.S. Dist. LEXIS 29814 (N.D. Cal. Mar. 5, 2014).

**B.     Counsel Seeking to Withdraw Must Satisfy Notice Requirements**

Both the California Rules of Professional Conduct and the Local Rules of the Central District of California have notice requirements for seeking leave to withdraw as counsel.

Local Rule 83-2.3.2 requires "written notice given reasonably in advance to the client and to all other parties who have appeared in the action" before filing a motion for leave to withdraw.  When the client is an organization such as a corporation, the written notice must inform the client that organizations may not appear to continue *pro se*.  Local Rule 83-2/3/4.  Similarly, California requires counsel to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel."  California Rules of Professional Conduct, Rule 3-700(A)(2).  The purpose of these notice requirements is to avoid prejudicing the client or causing undue delays in the proceedings.  See McGill v. Home Depot, Inc., 2016 U.S. Dist. LEXIS 7846 (N.D. Cal. Jan. 22, 2016).

/ / /

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES
-4-

### III. Application

The motion should be granted because (1) good cause exists in that there has been a complete breakdown of the attorney-client relationship, (2), the notice requirements have been met and neither the Court nor Life and Style will be prejudiced.

There is good cause to grant the motion because Life and Style has failed to pay Miskin & Tsui-Yip, and therefore Alan M. Klein, for the costs of their services and accrued fees and has failed to communicate with Miskin & Tsui-Yip and provide information and instructions necessary to represent Life and Style. These failures have eroded the attorney-client relationship and have rendered it unreasonably difficult for Miskin & Tsui-Yip and Alan M. Klein to continue to provide their legal services to Life and Style. The facts are analogous to recent cases where the Central District for California granted an unopposed motion for leave to withdraw as counsel for an organizational defendant where that defendant failed to pay or communicate with counsel. See, e.g., Caffebene, 2015 U.S. Dist. LEXIS 167682.

Further, Life and Style has received written notice in advance of the instant motion and has not objected. (Tsui-Yip Decl. ¶11). Life and Style has been provided full explanation of the grounds for this motion and has been advised that it cannot proceed in this action as a *pro se* organizational defendant. (Tsui-Yip Decl. ¶11). Life and Style will not be prejudiced because, in addition to the written notice, this matter is in the early stages as pleadings have been filed but no depositions have been taken. Thus, Life and Style has plenty of time to obtain new counsel.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. Conclusion

For the reasons stated above, Alan M. Klein respectfully requests that this Court grant his motion for leave to withdraw as counsel of record for Life and Style with respect to all matters related to this case number and that Alan M. Klein be removed from the Court's service list.

Dated: July ___, 2016                     LAW OFFICE OF ALAN M. KLEIN

/s/ *Alan M. Klein*
Attorney for Defendant
Life and Style Fashions, Inc.

---

MEMORANDUM OF POINTS AND AUTHORITIES
-6-

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action and a member of the bar of this court. My business address is 16311 Ventura Blvd., Suite 1200, Encino, California 91436.

I hereby declare that on July 20, 2016, a copy of the foregoing document was filed with the United States District Court for the Central District of California in accordance with its Electronic Case Filing (ECF) procedures and served upon the attorneys of record for the parties to this action through ECF via e-mail through ECF to:

Stephen M. Doniger, Esq.                    Attorneys for United Fabrics
Scott A. Burroughs, Esq.                    International, Inc.
Trevor W. Barrett , Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291

I also, on said date, mailed a copy of the foregoing document, by first class mail, with postage pre-paid, addressed to:

Sunny Kakar, Vice President
Life N Style Fashions, Inc.
1400 Broadway, Suite 815
New York NY 10018

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct. Executed this 20th day of July, 2016, at Los Angeles, California.

/s/ *Alan M. Klein*
Alan M. Klein