O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIFE N STYLE FASHIONS INC. and DOES 1–10, inclusive, <br><br> Defendants. | Case № 2:15-cv-05733-ODW (E) <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS DEFENDANTS' COUNSEL OF RECORD [30]** |

## I. INTRODUCTION

Before the Court is Alan M. Klein's Motion to Withdraw as counsel for Defendant Life N Style Fashions, Inc. (Mot., ECF No. 30.) Plaintiff has not opposed the Motion. For the reasons set forth below, the Court **GRANTS** the Motion to Withdraw and **ORDERS** Defendant Life N Style obtain new counsel by September 18, 2016.[1]

## II. FACTUAL BACKGROUND

Plaintiff United Fabrics International, Inc. filed the instant copyright action in this Court on July 29, 2015. (Compl., ECF No. 1.)

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Attorney Alan Klein was retained by Defendant as trial counsel for the case at bar. (Tsui-Yip Decl. ¶ 2, ECF No. 30-2.) All communications between Klein and Defendant have been through Defendant's previously-retained intellectual property counsel at Miskin & Tsui-Yip. (Tsui-Yip Decl. ¶ 3; Klein Decl. ¶ 2, ECF No. 30-4.) Klein bills Defendant for his work through Tsui-Yip. (Tsui-Yip Decl. ¶ 4; Klein Decl. ¶ 3.) However, it appears that Defendant has not paid Tsui-Yip for over ten months, and thus Tsui-Yip cannot pay Klein. (Tsui-Yip Decl. ¶¶ 6–7.) Defendant also has not been forthcoming with required information and generally uncooperative throughout this litigation, despite multiple requests. (*Id.* ¶¶ 8, 10–11.)

Given this breakdown between the attorney-client relationship, Tsui-Yip believes it can no longer adequately represent Defendant and, since Klein has no direct contact with Defendant, he too can no longer effectively represent his client. (*Id.* ¶¶ 8–11; Mot. 2.) In March 2016, Miskin & Tsui-Yip provided written and electronic notice of its intentions to cease all representation as well as Klein's intentions to withdraw as counsel in this matter. (Tsui-Yip Decl. ¶ 11.) This letter also advised Defendant that, as an organization, it would need to retain new counsel in order to proceed. (*Id.*)

On August 4, 2016, Klein filed a Motion to Withdraw as counsel of record. (ECF No. 30.) According to counsel, the relationship between Defendant and its chosen trial counsel has so deteriorated that counsel can no longer perform his professional duties effectively. (*Id.* 3.) Plaintiff has not opposed this motion.

The Motion is now before the Court.

### III. LEGAL STANDARD

Under the local rules of this Court, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.3.2; *see also Darby v. City of Torrance,* 810 F. Supp. 275, 276 (C.D. Cal.1992). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action," and must be for good cause. L.R. 83-2.3.2. However,

"[a]n attorney requesting leave to withdraw from representation of an organization of any kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) must give written notice to the organization of the consequences of its inability to appear pro se." L.R. 83-2.3.4.

The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See, e.g.*, *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 WL 2337863 at *1 (C.D. Cal. June 28, 2009).

## IV. DISCUSSION

The Court finds good cause for withdrawal. In his Motion, counsel details how Defendant has ceased paying for legal services or offering required information in order for the litigation to proceed. (Tsui-Yip Decl. ¶¶ 8, 10–11.) With a client refusing to offer necessary information in the course of representation, the Court agrees that the attorney-client relationship is irreparably broken. *See* Cal. R. Prof. Conduct 3-700(C)(1)(d) (permissive withdrawal allowed when client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively."); *see also Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2–4 (N.D. Cal. Sept. 15, 2010) (finding withdrawal warranted where the client has made it unreasonably difficult to carry out course of representation effectively). Furthermore, the Motion complies with the Local Rules' notice requirements. Counsel has sent written notice to Defendants of the consequences of their withdrawal and the necessity to retain new counsel in order for the case to proceed. (Tsui-Yip Decl. ¶ 11.)

The Court finds that allowing counsel to withdraw will not unduly delay the resolution of this action or prejudice Plaintiff (who did not oppose the Motion), so long as Defendants find suitable representation. Without counsel, this matter cannot proceed because Defendants are business entities, and a corporation may not appear in federal court pro se. C.D. Cal. R. 83–2.2.2 ("Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations

…) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83–2. 1."); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

Given Plaintiff's recent unopposed stipulation to amend the scheduling order and postpone the trial-related dates (ECF Nos. 31–32), Defendant's new counsel will have additional time to get up to speed—and to request an additional continuance if necessary.  Defendant is ordered to retain new counsel by September 9, 2016.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to Withdraw. Furthermore, the Court **ORDERS** Defendant to obtain new counsel **by September 9, 2016**.  If counsel is not obtained by such time, the case may be dismissed or a default judgment may be entered.

**IT IS SO ORDERED.**

August 9, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**